UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER GALBUSIERI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-CV-439-CHB |
| ) | |
| v. ) | |
| ) | |
| DEPARTMENT OF THE ARMY, et al., ) | **ORDER GRANTING DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Department of the Army's Motion to Dismiss [R. 24] and Plaintiff Christopher Galbusieri's challenge to the Defendant's scope-of-employment certification, substituting the United States as the defendant for Ed Gallrein. [R. 28] Defendant responded to Plaintiff's challenge, [R. 30], and Plaintiff replied [R. 35].

On June 18, 2020, Plaintiff filed his Complaint against the Department of the Army and Ed Gallrein under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2674, 1346. [R. 1] Plaintiff alleged that he worked for the Department of the Army in Fort Knox, Kentucky. [*Id.*] While employed there, he alleges that a fellow employee, Ed Gallrein, engaged in a "deliberate and purposeful ploy to paint Mr. Galbusieri as an 'insider threat'" and these accusations led to irreparable damage to Plaintiff's "reputation and professional status." [*Id.*] So Plaintiff sued Gallrein and the Army for defamation under the FTCA. [*Id.*]

The United States then filed a Notice of Substitution under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act), 28 U.S.C. § 2679, substituting the United States for Ed Gallrein and providing certification from the Acting United States Attorney that Gallrein was "acting within the scope of federal office or employment at the

1

times stated in the complaint out of which Plaintiff's claims arose." [R. 23; 23-1] Generally, upon certification, the federal employee named as a defendant would be dismissed from the action, the United States would be substituted in, and the case would continue under the FTCA. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-22 (1995). However, as the Court explained in its previous Order, [R. 27], if the plaintiff disputes the certification—asserting that the employee was not acting within the scope-of-employment—then the burden is on the plaintiff to produce evidence to establish this. *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008). When the "issue of whether the certification is correct" is before the Court, the question of "whether the federal employee was acting within the scope of his or her employment[] is governed by the agency law of the forum state." *Id.*

### I. Scope-of-Employment Certification

Plaintiff has challenged the Attorney General's scope-of-employment certification, [R. 28], and the agency law of Kentucky applies. Plaintiff argues that Gallrein "was not acting within his scope of employment . . . because his egregious statements about Galbusieri were entirely personally motivated and served no benefit, interest, or purpose of the Army." [R. 28 pp. 2-3] The United States responded, submitting a declaration from Mr. David Dusterhoff, the Deputy Chief of Staff for the First Theater Sustainment Command at Fort Knox, which explains the Army's policies and programs that train and require employees (including Gallrein) to report any suspicious behavior that may indicate an internal threat. [R. 30-1] Plaintiff replies that because Gallrein continued to assert that Plaintiff may be an insider threat, even after an investigation concluded otherwise, Gallrein's actions were outside the scope of the Army's policies that require reporting of suspicious behavior. [R. 35]

With respect to determining the scope-of-employment under state law, the Kentucky Supreme Court has held:

> [a]n employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

*Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 51 (Ky. 2008) (quoting Restatement (Third) of Agency § 7.07 (Am. L. Inst. 2006)). Therefore, the general rule is that an employee acts within the scope of his or her employment, even when committing an intentional tort, if his or her "purpose, however misguided, is wholly or in part to further the [employer's] business." *Id.* at 52 (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* 505 (5th ed. 1984)). But if an employee "acts from purely personal motives . . . which [are] in no way connected with the employer's interests, he is considered in the ordinary case to have departed from his employment." *Id.* In *Papa John's*, the Kentucky Supreme Court applied this rule and held that the employee's conduct fell outside the scope of employment because the employee was motivated by "purely personal" reasons that were "totally independent of [the employer's] purpose." *Id.*

The Court finds that Gallrein was clearly acting within the scope of his employment with the Army when he reported Plaintiff for behavior that Gallrein believed were signs of a potential "insider threat." The facts alleged in Plaintiff's Complaint show that Gallrein's alleged defamatory communications occurred within the workplace and in furtherance of the Army's interests in maintaining security and compliance with its relevant policies. Plaintiff alleges that Gallrein raised concerns with Mr. Ronald Stevens, the "Security Manager," who subsequently requested Plaintiff's supervisors to provide an assessment of whether Plaintiff's "behavior rises

3

to a significant level of concern that brings into question his ability to protect classified information; or, if he is a potential threat to [] personnel." [R. 1 pp. 3-4] In light of the Army's relevant policies previously discussed, it cannot be said that Gallrein's actions were "in *no way* connected with the [Army's] interests," and motivated by "purely personal" reasons, "totally independent" of the Army's purposes. *Papa John's*, 244 S.W.3d at 51.

Plaintiff argues extensively that Gallrein was motivated by personal animosity towards Plaintiff, but where "a plaintiff in his complaint pleads conduct within an individual's scope of employment and merely alleges bad or personal motive, summary dismissal of the scope challenge is warranted." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996). Additionally, although Plaintiff argues that Gallrein's actions actually frustrated the purpose behind the Army's policies, the question is whether Gallrein's "purpose, *however misguided*, [was] wholly or in part to further the [the Army's] business." *Papa John's*, 244 S.W.3d at 52.

The United States' certification serves as *prima facie* evidence that Gallrein was acting within the scope of his employment and shifts "the burden on the plaintiff to present evidence to the contrary." *Rector v. United States*, 243 F. App'x 976, 978 (6th Cir. 2007). Plaintiff presents no evidence to rebut this evidence. All Plaintiff offers are bare allegations, which are insufficient. *Osborn v. Haley*, 549 U.S. 225, 231 (2007) (holding that the United States is substituted as defendant under the Westfall Act unless "the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment."). Therefore, based on the evidence presented by the United States, the Court finds that Gallrein was acting within the scope-of-employment with respect to the conduct that created Plaintiff's claims. Likewise, Plaintiff's challenge to the United States' scope-of-

employment certification will be denied. Furthermore, based on the Attorney General's certification, Gallrein must be dismissed from the action, the United States is substituted as the sole defendant, and the case proceeds under the FTCA. *Dolan*, 514 F.3d at 592.

**II. Motion to Dismiss**

The United States' moves to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The United States argues that dismissal is required because the United States has not waived its sovereign immunity for claims of defamation and so this Court has no jurisdiction to decide the case. [R. 24] The Court agrees and will grant the United States' Motion.

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the court. Fed. R. Civ. P. 12(b)(1). "[W]hen jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). A "facial attack" on the court's subject matter jurisdiction questions the sufficiency of the complaint's allegations, asserting jurisdiction. *Id.* at 325. "In reviewing such a facial attack, a trial court takes the allegations in the complaint as true." *Id.* In contrast, a "factual attack" on the court's subject matter jurisdiction requires the court to weigh the conflicting evidence and determine whether subject matter jurisdiction exists or does not exist. *Id.* "[W]hen a court reviews a complaint under a factual attack . . . no presumptive truthfulness applies to the factual allegations." *Id.* Here, the United States brings both a facial and factual attack on the Plaintiff's allegation that the Court has subject matter jurisdiction. [R. 24 p. 3]

Dismissal is proper under Rule 12(b)(6) where the plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (internal citation omitted). Additionally, the "complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [the plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639-40 (6th Cir. 2016).

The United States enjoys sovereign immunity against suit unless it has expressly consented to waive that immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Further, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Here, Plaintiff has alleged in his Complaint that this Court has jurisdiction under the FTCA and that he is suing for defamation under the FTCA. [R. 1 p. 8] The Court has further found that Plaintiff is suing a federal employee for an alleged tort that occurred within the scope of employment. Therefore, Plaintiff's exclusive remedy is under the FTCA. *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994). In other words, "when a federal employee commits a tort while acting within the scope of his employment, any private remedy for that tort must be sought against the United States" under the FTCA. *Rector*, 243 F. App'x at 978. However, when suing under the FTCA, "the plaintiff must exhaust any administrative remedies before bringing a lawsuit, and the specific tort must be one for which the United States has not reserved immunity." *Id.* at 979. Therefore, "[t]o bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity." *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). Libel and slander are

6

torts for which the United States has not waived immunity. 28 U.S.C. § 2680(h); *Rector*, 243 F. App'x at 979 (explaining that "tort claims [that] arise out of libel, slander, and misrepresentation" are "specifically exempted from the [FTCA's] general waiver of immunity"); *Allstate Ins. Co. v. Quick*, 107 F. Supp. 2d 900, 904 n.1 (S.D. Ohio 1999) ("Notably, the [FTCA] precludes a plaintiff from recovering against the United States for defamation claims."). Because Plaintiff's claims fall within this exception, the federal government retains sovereign immunity, and the Court lacks jurisdiction over Plaintiff's claim. *Aimery v. Jackson*, No. 1:19-CV-227, 2019 WL 1873169, at *2 (W.D. Mich. Apr. 26, 2019).

Additionally, the United States argues that Plaintiff must exhaust his administrative remedies before bringing suit under the FTCA and such exhaustion is a jurisdictional prerequisite to suit. [R. 24 pp. 7-8] Indeed, "[f]ailure to exhaust administrative remedies deprives a federal court of jurisdiction over the [FTCA] claim." *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003); 28 U.S.C. § 2675(a). Plaintiff has failed to allege anywhere that he has exhausted his administrative remedies before filing his Complaint. The United States has submitted a declaration from Mr. Shawn M. Sipes, the Acting Chief of Operations and Records Branch for the Army's Claims Service, which states that "[a] thorough search of all records available to this Service has found that no administrative claims under the Federal Tort Claims Act or other related tort claims statutes have been filed" by Plaintiff. [R. 24-1] Plaintiff has not argued otherwise. Therefore, the Court finds that it lacks jurisdiction on this ground as well.[1] Accordingly,

**IT IS ORDERED** as follows:

1. The United States' Motion to Dismiss [**R. 24**] is **GRANTED**.

---

[1] The United States raises additional arguments that the Court will not reach because it has already found on two separate grounds that it lacks jurisdiction over this case, and it must be dismissed.

7

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's **ACTIVE DOCKET.**

This the 13th day of May, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record